UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| **Hobie Hammond,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 7:09-2619-HFF |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL** |
| **First Revenue Assurance LLC,** | ) | **DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Hobie Hammond, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act (hereinafter "TCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Spartanburg Division because the Plaintiff resides in Spartanburg County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiff, Hobie Hammond, is a resident and citizen of the State of South Carolina, Spartanburg County, and is over the age of twenty-one (21) years.

5. The Defendant, First Revenue Assurance LLC (hereinafter referred to as "First Revenue"), is a Colorado corporation registered in South Carolina. Defendant can be served through its Registered Agent, CT Corporation System, 75 Beattie Place, Greenville, SC 29601.

6. The Defendant, was in all respects and at all times relevant herein, doing business in the state of South Carolina and in this Division.

7. The Defendant is engaged in the business of collecting consumer debts from consumers residing South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Beginning in July, 2009, and continuing through the date of the filing of this Complaint, the Defendant, its agents and employees, have called the Plaintiff's cell phone multiple times each week with the intent to harass, annoy, and intimidate the Plaintiff.

9. The Defendant has been repeatedly contacting the Plaintiff via an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1).

10. The Defendant repeatedly called the Plaintiff on a number that was assigned

to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

11. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).

12. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

13. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

14. When the Defendant telephoned the Plaintiff's cellular telephone, no one was there to speak with Plaintiff when he answered the telephone.

15. Since July 2009, the Defendant has called the Plaintiff an average of three to four times per week.

16. On or about July 28, 2009, the Plaintiff began paying the Defendant $30.00 every week on the alleged account.

17. Despite the Plaintiff making weekly payments of $30.00 every week beginning on July 28, 2009, the Defendant has continued to call the Plaintiff's cellular telephone multiple times each week.

18. The Plaintiff tried on several occasions to call the Defendant but when the Defendant's phone begins to ring, the call is disconnected. Accordingly, the

Plaintiff has no way of contacting the Defendant regarding the ongoing telephone calls.

19. On October 5, 2009, the Defendant called the Plaintiff's cellular telephone three times in one hour. On this date, the Defendant left three automated messages for the Plaintiff on his cellular telephone stating that it was regarding collection of a debt, but no name was given, just a call back number.

20. On October 7, 2009, the Defendant called the Plaintiff's cellular telephone and left another automated message. Then, one of the Defendant's collectors, Teresa, telephoned the Plaintiff and told him that if he did not pay $675 that the Defendant would immediately start reporting the account on the Plaintiff's credit report.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

21. The Plaintiff adopts the averments and allegations of paragraphs 8 through 20 hereinbefore as if fully set forth herein.

22. The Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff's alleged consumer debt.

23. The Defendant violated §1692c(a)(1) by repeatedly contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

24. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

25. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by failing to make meaningful disclosure of the caller's identity in violation of §1692d(6).

26. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages, worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, anxiety, nervousness, family discord, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

27. The Plaintiff adopts the averments and allegations of Paragraphs 8 through 26 hereinbefore as if fully set forth herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* the Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

30. The Plaintiff adopts the averments and allegations of Paragraphs 8 through 29 hereinbefore as if fully set forth herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

33. The Plaintiff adopts the averments and allegations of paragraphs 8 through 32 hereinbefore as if fully set forth herein.

34. Defendant knew or should have known of the conduct set forth herein which

was directed at and visited upon the Plaintiff.

35. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

36. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

37. Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

38. As a result of Defendant's negligence, the Plaintiff suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

39. The Plaintiff adopts the averments and allegations of paragraphs 8 through 38 hereinbefore as if fully set forth herein.

40. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

41. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina state law.

42. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

43. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

44. As a result of Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, worry, fear, loss of sleep, loss of peace and quiet, anxiety, nervousness, family discord, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendant as follows:

A. Statutory damages of $1,000 from the Defendant for its violations of the FDCPA (15 U.S.C. §1692k);

B. Actual damages for Defendant's violations of the FDCPA;

C. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. §1692k;

D. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training and Supervision; Reckless and Wanton Training and Supervision;

E. Statutory damages from the Defendant for its violations of the TCPA;

F.      Treble damages from the Defendant for its knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, and;

G.      For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
First Revenue Assurance LLC
c/o CT Corporation System, Registered Agent
75 Beattie Place
Greenville, SC 29601